IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE ALVIN JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0265 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Jordan Unit in Gray County, Texas. Petitioner presently remains incarcerated at the Jordan Unit. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
BACKGROUND

Petitioner is in respondent's custody pursuant to a February 22, 2007 conviction out of Montgomery County, Texas, for the offense of deadly conduct, and the resultant 10-year sentence. *State v. Jones*, 03-07-04926-CR. Further details of petitioner's state court conviction and any post-conviction proceedings are not relevant since petitioner only challenges a prison disciplinary

proceeding.

On July 26, 2011, petitioner failed to report to a 6:30 a.m. scheduled medical appointment. Correctional Officer Cortez charged petitioner with the prison disciplinary offense of being "out of place," a Level 2, Code 27.0 violation. Petitioner was notified of the charge on July 27, 2011 at 10:40 a.m. During the preliminary investigation of the offense, petitioner averred "[i]t was count time, and [he] couldn't [get] out" of his cell to timely report for his scheduled medical appointment. Petitioner's excuse notwithstanding, the investigating officer determined petitioner was out of place without proper authorization. On that same date, petitioner submitted the following written statement:

> On July 26, 2011, I had a medical lay-in for 6:30 a.m. I am on cell restrictions. My cellie William Nichols, #1204029 can attest the fact that at 6:20 a.m. I buzzed the picket and notified C/O Jeanie Gonzales that I had a medical lay-in at 6:30 a.m. C/O Gonzales told me that it was almost count time and she refused to open the door. At appx. 7:30 a.m., count cleared and I went to medical and without even asking me the reason I was late in an attempt to remedy the matter as per TDCJ policy (Disciplinary Handbook I(A)), instead of hastening to file a case, C/O Cortez said, "Jones, oh no, you can't come in!" Denying my statutory & constitutional right to obtain medical attention. Of course Lauren Cortez issued this groundless case for being out of place. C/O Jeanie Gonzales overrode the lay-in by refusing to open the door, ordering me to stay in my cell. Regardless, according to Offense Code 27.0 in TDCJ's Disciplinary Handbook, I wasn't out of place anyway!"

Although petitioner's statement speaks for itself, it appears petitioner contends he was not in violation of Offense Code 27.0 because he was "right where C/O Jeanie Gonzales kept [him]," that he was not "out of place," and that he did not miss his scheduled medical appointment "to go somewhere else." Petitioner maintains requesting to be released ten minutes prior to his medical appointment and prior to the start of "count" was "more than a sufficient amount of time to get over to medical."

In the Service Investigation Work Sheet, counsel substitute for petitioner indicated petitioner

would not be requesting any witnesses at a disciplinary hearing. The work sheet further indicated the charging officer continued to maintain petitioner "was not at medical at the time he was scheduled."

On July 28, 2011, at 1:44 p.m., a disciplinary hearing was held. The audio recording of the disciplinary hearing provided to the Court does not reflect the portion of the hearing held on that day (the 28th), however, it appears petitioner reiterated his written statement that he was not out of place because Officer Gonzalez would not let him out of his cell to report to his scheduled medical appointment. The hearing was recessed due to the need for Officer Gonzalez' testimony. Officer Gonzalez gave a witness statement to counsel substitute via telephone on July 29, 2011 at 8:10 a.m. which stated:

> I did not open door, there was no officer in the wing. Already called prepare and he had to wait. Officers were in there prior and he had opportunity to come out. Then called count. I did not open door.

The hearing resumed on July 29, 2011, at 12:35 p.m. Officer Gonzales testified via telephone that petitioner did request to be released for his medical appointment at 6:20 a.m., but that she had already called prepare for count. Officer Gonzalez testified other officers had been in petitioner's area letting other inmates out 5 minutes prior to his 6:20 a.m. request, but that the officers were on another wing when petitioner made his request. Gonzalez testified she asked petitioner why he did not come out earlier when the officers had been there, and she acknowledged she told petitioner he would have to wait. Gonzales testified inmates know of their medical appointments the night before, and that petitioner had an opportunity to come out of his cell prior to his 6:20 request.

During this portion of the hearing, the Hearing Officer stated the witness statement of petitioner's cell mate, William Nichols, was read the first day of the hearing. Nichols' statement stated, "At 6:20, Jones pushed [the] button to go to [his] 6:30 lay-in. Ms. Gonzalez said it was

about count time and she did not open the door." Apparently, all of the statements taken during the investigation were made part of the hearing record. Petitioner did not request any additional witnesses. After a statement by counsel substitute, the Hearing Officer recessed the hearing to write his decision.

The Hearing Officer found petitioner guilty of the charged offense based on the officer's report and witness testimony, and assessed punishment which included the forfeiture of thirty (30) days previously accrued good time credit[1] due to his "[p]ast 180-day disciplinary history." The Hearing Record, however, reflects the good time loss sanction was modified to one (1) day loss of good time rather than thirty (30) days. After punishment was assessed, counsel substitute reiterated petitioner's statement that he was not out of place but, instead, was where Officer Gonzales "kept" him.

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. On August 31, 2011, relief was denied at Step 1 with the following response:

> Major disciplinary case #2011338908 has been reviewed. All due process and procedural requirements were met. The case was fair and consistent with the charge. The guilty verdict was supported by a preponderance of the evidence. The punishments assessed by the Disciplinary Hearing Officer were within agency guidelines. A Code 27, Out of Place, charge is appropriate for an offender who is a 'no show' for a lay-in. All offender movement must cease during count time. It is your responsibility to advise the cellblock officers of any scheduled lay-in you may have prior to prepare to count and count time. There is no valid reason to warrant overturning this case.

On October 6, 2011, relief was denied at Step 2 with findings that the disciplinary charge was appropriate for the offense, the guilty verdict was supported by a preponderance of the evidence, all

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Petitioner concedes he is not challenging the imposition of commissary or recreational restrictions.

due process requirements were satisfied, and the punishment assessed was within agency guidelines.

On October 24, 2011, petitioner submitted a second Step 1 Offender Grievance Form alleging the audio recording of the disciplinary hearing had been "tampered with" or "illegally edited." TDCJ returned the Step 1 grievance to petitioner the same day noting the grievance was "redundant," referring to the first grievance petitioner filed challenging the disciplinary ruling. No additional grievance response was made by prison officials.

Having unsuccessfully challenged the case administratively, petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.[2]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt because:

1. There was insufficient evidence to support a finding that petitioner was guilty of the disciplinary violation of being "out of place";

2. Petitioner was denied the right to present a witness's testimony at the disciplinary hearing; and

3. Petitioner was denied due process because the disciplinary hearing audio was altered.

## III.
## MERITS

### A. "Out of place" Violation

By his first ground, petitioner contends there was insufficient evidence to support a finding

---

[2] The Texas Court of Criminal Appeals has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

that he was guilty of the disciplinary offense of being "out of place." Petitioner contends his actions did not amount to an "out of place" violation and/or that the Hearing Officer's finding that his actions did, in fact, constitute an "out of place" violation was a result of the officer's "fabricated criteria" of the Disciplinary Code provision.

      TDCJ Disciplinary Rule 27.0, at the time of the alleged offense, defined being "Out of Place" as:

    a.    in any unauthorized area (e.g., a cell or wing to which one is not assigned),

    b.    failure to be at a designated area at a specified time (e.g., has a lay-in for a medical appointment, but goes to the library instead); or

    c.    refusal to keep a medical appointment off the unit.

*Disciplinary Rules and Procedures for Offenders*, January 2005. The Offense Report alleged petitioner committed the "out of place" offense when he "failed to report for his medical appointment" which was scheduled for 6:30 a.m. on July 26, 2011. During the preliminary investigation, petitioner admitted he did not report for his medical appointment at the designated time, but stated "[i]t was count time" and he could not leave his cell. The Disciplinary Hearing Officer considered petitioner's statement that at 6:20 a.m. he requested to be released from his cell to report for his 6:30 a.m. medical appointment, but that he was advised it was "count time" and he could not be released. There was also a witness statement from petitioner's cell mate that petitioner "pushed [the] button" to request release at 6:20 a.m., but that the correctional officer would not release petitioner because it was count time. A statement and testimony from the correctional officer confirmed that she did not release petitioner from his cell when he requested because prepare for count had begun and there were no other officers on the wing to assist. The correctional officer stated, however, that other officers were on the wing five minutes prior to the prepare for count

announcement and petitioner's request to go to his medical appointment, and that petitioner had an opportunity to be released from his cell during that time.

Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings, rather, a federal court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). There is no dispute petitioner was not at his medical appointment at the scheduled time. The issue is whether petitioner's excuse is valid. While petitioner presented his reason and explanation why he was not at his scheduled medical appointment, the fact remains, and the evidence was sufficient to show, that petitioner was out of place under the disciplinary code provision when he failed to appear at his scheduled medical appointment at the specified time. The day to day operation of the prison is best left to prison administrators rather than the courts. It may seem, reviewing the facts of the case in isolation and after the fact, that petitioner's excuse had arguable validity. However, the Disciplinary Hearing Officer and reviewing TDCJ officials must consider the operation of the entire prison and their decision that petitioner was aware of the impending count time and should have requested permission to go to his appointment earlier was not unreasonable or arbitrary. Prisoners must comply with TDCJ's operation plan and are not free to set their own schedule. Petitioner's claim must be DENIED.

B. <u>Denial of a Witness's Testimony</u>

By his second ground, petitioner contends he was denied due process because the Hearing Officer refused to allow petitioner to call his cell mate as a witness at the hearing. Petitioner,

however, during the investigation of the charges, did not request any witnesses. Further, on the second day of the hearing, the Hearing Officer noted the statement of petitioner's cell mate had been read and that no additional witnesses were requested. The statement of petitioner's cell mate, *i.e.*, that petitioner requested release at 6:20 a.m. to report to his medical appointment and that the correctional officer refused to open the door because it was count time was cumulative and, in fact, was confirmed by the correctional officer. Further, it appears the Hearing Officer accepted the cell mate's statement as true. Petitioner has not shown he was denied due process by the Hearing Officer's refusal to allow the witness to repeat the contents of his statement through live testimony at the hearing. Petitioner's claim should be DENIED.

### C. Alteration of Hearing Audio Tape

Petitioner also contends he was denied due process because the disciplinary hearing audio recording was altered by TDCJ officials. In his answer, respondent contends this claim is unexhausted because "a prisoner must present his claims in both steps [of the prison's two-step grievance procedure] before they are exhausted," and notes petitioner did not present his audio recording alteration claim in either of his properly filed Step One or Step Two grievances, but only presented it in the "redundant" Step One grievance returned to petitioner. Respondent maintains petitioner's claim is thus unexhausted and he is procedurally barred from presenting this claim through the prison administrative process.

Petitioner contends he did not file a second grievance, rather, after he was allowed to listen to the audio of the recording and became aware that it had been altered and attempted only to add another claim to his existing grievance. Petitioner notes the claim was not processed as it was improperly classified as "redundant," even though it was a new claim of which he had just become

aware.

No federal habeas relief may be granted to a petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. A federal habeas application may, however, be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). This deference scheme applies to a federal habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the prison's grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

It is not necessary to make a determination on exhaustion in this case because petitioner's claim is conclusory, fails to show the denial of a federal constitutional right, and fails to show prejudice. Petitioner fails to identify in what way the recording was altered, how the lack of a more complete recording amounted to a denial of federal due process, or in what way he has been harmed by the recording in the state in which it currently exists. For purposes of this proceeding, the audio recording of the hearing confirmed the testimony of Officer Gonzalez, the Hearing Officer's consideration of petitioner's cell mate's statement, and the presentation of petitioner's statement. The undersigned finds no constitutional due process error. Petitioner's claim should be DENIED.

---

[3]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GEORGE ALVIN JONES be DENIED.

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   24th   day of December 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this

report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).